UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:   1:10-cr-20242-CMA-1

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOHN UTSICK,
    Defendant.
_____/

**DEFENDANT UTSICK'S MOTION TO CONTINUE TRIAL DATE**

  Defendant, John Utsick, through undersigned counsel, moves this Court to continue the trial date in this matter for reasons set forth below. Trial in this matter was set for February 8, 2016 after the Court granted Mr. Utsick's then-counsel's motion to continue due to difficulties in accessing the voluminous and cumbersome discovery in this matter, and the unavailability of a key foreign national witness to travel due to health conditions. That motion was granted by Court Order of October 8, 2015.

  Since that time, Mr. Utsick exercised his constitutional right to counsel of his choice to retain present counsel.  The Court granted current counsel's motion to appear December 15, 2016 (49 days ago including all holidays and weekends), which followed a period of transitioning between current and previous counsel for 2-3 weeks prior to this date.  The representation of Mr. Utsick is extraordinarily complicated, to a degree matched by very few criminal cases, due to the combination of several factors, including but not limited to:

- Mr. Utsick's indigency;
- his incarceration now approaching three years stemming from his unannounced arrest

1

  in Brazil and subsequent extradition;

- his long-diagnosed bipolar 1 disorder, a severe mental illness and brain disorder that requires close expert treatment for him to communicate normally and is exacerbated under stress such as incarceration, amplified by the Receiver's death-watch notices in his periodic reports to the civil court and investors noting favorably Mr. Utsick's "deteriorating health", advancing age, and continued incarceration which are inexorably leading towards the payment of $55 million dollars of life insurance benefits on policies Mr. Utsick himself obtained for his businesses to protect investors;

- the Indictment's incorporation into an alleged "scheme" global and concededly legitimate business activity dating from 1997 – 2005 involving dozens of domestic and foreign partnerships, corporations, joint ventures, show rights, amphitheaters, stadiums, real estate, and myriad other ventures that propelled Mr. Utsick's network of businesses to the largest non-public promoter of entertainment events in terms of gross receipts and tickets sold in the world;

- the establishment of a private Receivership by Mr. Utsick's then-representatives and its transformation into an adversarial and lengthy Receivership controlling most of the discovery and evidence in this case which remains in effect;

- protracted civil litigation brought both by the SEC and Receiver involving the same entities and events charged in the later criminal Indictment;

- the scattering of relevant records and witnesses across the globe;

- an intermittent FBI investigation spanning over seven years;

- delays totaling almost four years by the government in initiating the criminal action

      and executing the extradition;

- the involvement of numerous lawyers – and law firms and lawsuits - whose own activities and testimony are inextricably bound up in this matter;

- an alleged victim class of approximately two thousand people living in all 50 states of the United States whose composition has not been identified by the government or Receiver;

- the opposition by the SEC and the Receiver to allow any of Mr. Utsick's business assets –   referred to as the Receivership Estate since the assumption of power by the Receiver in January 2006 – to be used for the benefit of Mr. Utsick's defense on civil or criminal charges although the transparency produced by allowing this would have inured to the benefit of investors; and

- the selective classification by the Receiver and the SEC as ill-gotten gains subject to disgorgement of only those of Mr. Utsick's payments to lawyers who were not partners of the Receiver or Receiver's "general counsel" or retained by them despite their joint representation of Mr. Utsick at the same time.

Since the official appearance of counsel 49 days ago, several additional and unanticipated complications have arisen:

- the government presented to counsel, without explanation or guidance, on December 23, 2015 additional discovery in the form of seven CDs containing 13 gigabytes of data (tens of thousands of pages) of unsorted financial, accounting, and banking records, assorted statements and business records and other material, some of which may presumably be used by the government in its case in chief while the majority of it has been presented for reasons unknown;

- although current counsel personally hand-received the 13 gigabytes of discovery in order to avoid waiting for it to arrive by mail after January 1 2016, thus saving over one week review time, it has proven impossible to sort through this mass of randomly associated documents and discern their supposed relevance in the following 37 days including holidays and weekends while at the same time reviewing the documents controlled by the Receiver which he has forbidden the defense to remove from their location in Fort Lauderdale (apparently the prosecution is subject to no such Receiver-imposed constraint because many of the Receiver boxes are at their offices), reviewing the previously delivered tens of thousands of pages of unsorted discovery, tracking down and interviewing witnesses including many never before contacted – some of whom were known to the government and not disclosed, reviewing and guiding the work of the retained forensic accountants, traveling back and forth to the detention center to discuss these documents and developments with Mr. Utsick, researching the variously emerging legal issues, and monitoring the evolving health issues of defendant;
- the government has declined to identify any witnesses or key exhibits it will rely on for its case in chief despite repeated requests from counsel causing further expenditure of time in trial preparation in the short window afforded counsel;
- the defendant's bipolar symptoms have dramatically and increasingly impaired communication, and counsel along with a retained private mental health expert seeks to ascertain whether a treatment plan can be devised and recommendations made to arrest any decline in cognitive and communication skills caused by bipolar disorder in order to allow defendant to assist in his defense at trial;

- the Receiver has been slow or non-responsive in providing access to discovery, including essential documents at issue in the case, noting that his staff are occupied on other matters, that predecessor counsel had also made requests (predecessor counsel has advised they spent 1-2 days at the Receiver's office in a preliminary review) and that complying with defendant's requests are a burden for the Receiver;
- the Receiver has insisted on discovery controls allowing him to be privy to all discovery reviewed, which appears to be a conflict of interest as he is also a possible witness, and a new and more responsive process for reviewing discovery must be implemented to allow meaningful discovery to take place;
- new witnesses have been identified that support or possess a strong probability of supporting Mr. Utsick's actual innocence of the charges against him but require review of documents just recently produced (or not yet produced) by the Receiver, which will take time and can not occur before the currently scheduled start of trial;
- a new foreign national witness has been identified in the last two days with evidence of actual innocence (an affidavit by this witness is attached under seal for the Court's review, along with a statement by current counsel relevant to this motion) this testimony requires further investigation and arrangements for them to appear at trial, this can not occur before the currently scheduled start of trial;
- The most recently discovered witness who can testify as to actual innocence of the charges, though seemingly known to the government (evident in the under seal filing), does not appear in the government's discovery, an omission which must be further investigated as it may constitute a potential Brady violation;
- The key witness identified by predecessor counsel in the previous motion to continue

had represented to current counsel they were well enough to travel for trial, however in the last few days substantial doubt has arisen about this witnesses' ability to travel, making the obtaining of the testimony of other newly discovered witnesses essential for the defense.

For all of the above reasons, it is impossible to protect defendant Utsick's 5th and 6th amendment rights by proceeding to trial on February 8, 2016. Defendant Utsick therefore requests a continuance of the trial date of at least two months.

AUSA John Gonsoulin opposes this motion.

Dated: February 1, 2016
       Miami, Florida

                                    Respectfully Submitted,

                                    s/ Eric Lisann
                                    Eric Lisann, Esq.
                                    Pro Hac Vice
                                    Email:   eric.lisann@lisann.com
                                    **Lisann Law International PC**
                                    6841 Elm Street
                                    Suite 1275
                                    McLean, VA 22101
                                    Telephone: 703-989-6214

                                    s/ Lilly Ann Sanchez
                                    Lilly Ann Sanchez, Esq.
                                    (As Local Counsel)
                                    Fla. Bar No. 195677
                                    Email: lsanchez@thelsfirm.com
                                    **The L•S Law Firm**
                                    Four Seasons Tower, Suite 1200
                                    1441 Brickell Avenue
                                    Miami, Florida 33131
                                    Telephone:   (305) 503-5503
                                    Facsimile:   (305) 503-6801

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

>   s/ Eric Lisann
>   Eric Lisann, Esq.
>   Pro Hac Vice
>   Email:   eric.lisann@lisann.com
>
>   s/ Lilly Ann Sanchez
>   Lilly Ann Sanchez, Esq.
>   (As Local Counsel)
>   Fla. Bar No. 195677
>   Email: lsanchez@thelsfirm.com